# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ENCARNACION AGUILAR,

    *Petitioner*,

vs.

D.W. NEVEN, *et al.*

    *Respondents*.

2:06-cv-00385-RCJ-LRL

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court: (a) for consideration of possible issuance of a certificate of appealability (COA), following upon the Clerk's docketing of the notice of appeal also as an application (#36) for a certificate of appealability, petitioner's application (#38) for a certificate of appealability, and the limited remand by the Court of Appeals in connection with same, and (b) on petitioner's motion (#39) for copy of the docket sheet.

    Petitioner Encarnacion Aguilar seeks to appeal the final order and judgment dismissing the remaining claims in the petition on the merits. Petitioner challenges his 2004 Nevada state conviction, pursuant to a jury verdict, of transport of a controlled substance, to wit, cocaine, and trafficking in a controlled substance, in the charged amount of approximately 672 grams of cocaine or a mixture containing cocaine.

    Under 28 U.S.C. § 2253(c), the petitioner must make a "substantial showing of the denial of a constitutional right" in order to obtain a COA when the district court has denied a

habeas claim on the merits. *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999). To satisfy this standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604.

The application will be granted in part and denied in part. A COA will be granted as to Ground 1, although the Court remains of the view that its decision as to this ground was correct. A COA will be denied as to the remaining grounds. The Court briefly discusses the grounds as to which a COA is denied below.

### Ground 3: Miranda Waiver

In Ground 3,[1] petitioner alleged that he was denied Fifth Amendment rights to an attorney and to remain silent when officers allegedly failed to ask him specifically whether he was willing to waive his *Miranda* rights.

Jurists of reason would not find debatable or wrong this Court's conclusion that the state supreme court's rejection of this claim was neither contrary to nor an unreasonable application of clearly established federal law. Petitioner's claim was premised upon the proposition that the State failed to establish a valid waiver of his *Miranda* rights because the officer asked "Do you understand these rights?" rather than "Do you waive these rights?" However, clearly established federal law does not require that an officer talismanically utter the words "Do you waive these rights?" in order to establish a predicate for a valid waiver. A valid waiver instead can be inferred from the circumstances. Here, Aguilar was fully advised of the *Miranda* rights in Spanish by a Spanish-speaking officer; he acknowledged that he understood those rights; and he then elected to answer the officers' questions. The state court's rejection of this claim was neither contrary to nor an unreasonable application of clearly established federal law. Jurists of reason therefore would not find the denial of this claim debatable or wrong. See #32, at 15-17.

---

[1] The Fourth Amendment claim in Ground 2 was dismissed as noncognizable. See #14, at 3-5.

***Ground 4: Effective Assistance – Statute of Limitations Defense***

In Ground 4, petitioner alleged that he was denied effective assistance of trial counsel when counsel failed to pursue a statute of limitations defense as an affirmative defense to be tried to the jury at trial and that he was denied effective assistance of appellate counsel when counsel failed to raise the statute of limitations defense on appeal.

Jurists of reason would not find the Court's rejection of the claim on *de novo* review debatable or wrong.

The state district court held that the applicable Nevada limitations period was tolled during the time that Aguilar was outside the country after being deported up through his arrest when he attempted to reenter the country.

At bottom, petitioner failed to establish that the limitations defense ultimately would have been successful under Nevada state law in his case, whether the defense was pursued as an affirmative defense at trial or raised on appeal. The Supreme Court of Nevada implicitly ruled against petitioner on the purely state law limitations and tolling issues when it held, on a related claim, that petitioner had failed to demonstrate that a pretrial petition pursuing the issue would have been successful. The state supreme court is the final arbiter of Nevada state law. Petitioner cited no apposite Nevada law establishing, to the contrary of the state supreme court's implicit holding, that the limitations period was not tolled during the time that Aguilar was out of the country. Petitioner thus failed to establish that he was prejudiced by counsel's failure to pursue the limitations defense, whether as an affirmative defense at trial, on appeal, or otherwise. See #32, at 18-20.

Jurists of reason therefore would not find the Court's denial of this claim debatable or wrong.[2]

---

[2] In his COA application, petitioner presents argument as to Ground 4 regarding claims that were not presented in Ground 4.

Petitioner provides argument as to a claim that trial counsel should have pursued the limitations issue in a pretrial petition. This claim was exhausted in the state courts, but it was not presented in federal Ground 4. The claim is related to but distinct from the claims in Ground 4. In any event, the state supreme court's

(continued...)

***Ground 5: Effective Assistance – Preliminary Hearing Delay***

In Ground 5, petitioner alleged that he was denied effective assistance of trial counsel when counsel failed to move for dismissal of the indictment based upon preliminary hearing delay.

Jurists of reason would not find debatable or wrong this Court's conclusion that the state supreme court's rejection of this claim was neither contrary to nor an unreasonable application of clearly established federal law.

Defense counsel did in fact seek dismissal of the indictment – based upon the preliminary hearing delays and under the case law cited by petitioner – through to a rejection of the claim on the merits by the state supreme court on direct appeal. The factual findings of the state courts in rejecting the claim that the State did not act in a willful or consciously indifferent manner are adequately supported by the state court record, and those findings therefore are clothed with a presumption of correctness under 28 U.S.C. § 2254(e)(1). The state supreme court is the final arbiter of Nevada state law, and its rejection of the underlying substantive claim under the relevant Nevada state law standard is binding on this Court. The state supreme court's rejection of the underlying substantive state law claim necessitates the conclusion that petitioner cannot establish prejudice on the claim of ineffective assistance of counsel, because the state high court specifically rejected the substantive claim that petitioner

---

[2](...continued)
rejection of the claim was neither contrary to nor an unreasonable application of clearly established federal law, for substantially the reasons discussed in the order of dismissal and herein as to Ground 4.

Petitioner further provides argument as to a claim that trial counsel should have filed a pretrial petition seeking to protect him from being subjected to double jeopardy. No such claim was presented in Ground 4. In order to present additional claims after respondents' answer, petitioner would have had to file a motion for leave to amend the petition. On any such motion, he would have been required to demonstrate that a grant of leave to amend would not be futile because of, *e.g.,* timeliness and exhaustion concerns. Petitioner may not pursue new claims for the first time on appeal that were not even alleged in the district court.

On the claims that were raised in Ground 4, petitioner relies upon *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), for the proposition that a plain error standard rather than the *Strickland* standard applies to his claim. *Cronic* fully supports the application of the *Strickland* standard to specific claims of attorney error such as those presented in this case. *See,e.g., Cronic*, 466 U.S. at 666 & n.41, 104 S.Ct. at 2051 & n.41.

alleges should have been pursued and which in fact was pursued by counsel. At bottom, Aguilar merely is rehashing with the ineffective assistance claim a substantive state law claim that was expressly rejected by the state's highest court. See #32, at 21-23.

Jurists of reason therefore would not find the Court's denial of this claim debatable or wrong.[3]

### *Ground 6: Due Process – Preliminary Hearing Delay*

In Ground 6, petitioner alleged that he was denied due process by the same delays in the justice court preliminary hearing proceedings that served as the backdrop for the claim of ineffective assistance of counsel in Ground 5. He maintained that he was denied due process because the State allegedly violated the requirements of the Nevada state cases that he also relied upon on Ground 5.

A federal constitutional due process claim – as opposed to a corresponding claim asserting only state law error – was not exhausted in the state courts. This Court rejected the due process claim in federal Ground 6 on *de novo* review. See #32, at 23-24.

Jurists of reason would not find the rejection of the claim debatable or wrong. Petitioner claimed in this Court that he was denied due process of law because of an alleged violation of Nevada decisional law. A petitioner may not transform an alleged state-law error into a federally cognizable claim merely by claiming that the alleged state-law violation violates due process. *See, e.g., Little v. Crawford*, 449 F.3d 1075, 1083 & n.6 (9th Cir. 2006). Even if a court were to assume, *arguendo*, that a due process claim could be based upon the state law error alleged in this case, the state courts rejected both the factual and legal predicates for petitioner's claim that the standards in the Nevada state cases were violated. The Supreme Court of Nevada, the final arbiter of Nevada state law, held that there was no state

---

[3] Petitioner urges in his COA application that the Court has jurisdiction to prevent a fundamental miscarriage of justice. In noncapital cases, a procedurally defaulted claim may be heard if the petitioner demonstrates that a fundamental miscarriage of justice would result if the claim were not reviewed because the petitioner is actually innocent of crime. Ground 6 was dismissed on the merits, not on the basis of procedural default. Aguilar further clearly has not demonstrated actual innocence, as he was apprehended with a rather large quantity of cocaine or cocaine mixture. In any event, petitioner's allegation that he was impermissibly brought to trial after dismissal of the complaint in the justice court is without merit.

law violation. Aguilar thus had no basis for a due process violation premised upon a state law violation, because there was no state law violation. See #32, at 24.

Jurists of reason therefore would not find the rejection of the claim debatable or wrong.[4]

### Ground 7: Effective Assistance – Failure to Move to Strike Expert Witness

In Ground 7, petitioner alleged that he was denied effective assistance of trial counsel when counsel allegedly failed to move to strike the testimony of the State's expert witness who performed the chemical analysis of the substance seized from Aguilar and to move for a mistrial.

Jurists of reason would not find debatable or wrong this Court's conclusion that the state supreme court's rejection of this claim was neither contrary to nor an unreasonable application of clearly established federal law.

The underlying issue at trial regarding the expert witness concerned the adequacy of the State's notice to the defense of the witness. Defense counsel did in fact file a motion to strike the witness' testimony, and she pursued the issue vigorously. The potential relief under consideration included a possible mistrial. However, the state court record reflects that the state district court clearly would not grant a mistrial request that would lead to a double jeopardy objection to a retrial. Faced with these alternatives, Aguilar himself personally

---

[4]In the COA application, petitioner seeks to present a different due process claim based upon delay that was not presented in Ground 6 and that instead relies upon federal cases. The claim presented in this Court in Ground 6 instead clearly was based upon the State's alleged violation of substantive standards from Nevada state cases. See #8, at 8-P through 8-U. Petitioner may not pursue new claims and arguments for the first time on appeal that were not raised in the district court in the first instance.

In any event, the federal authorities relied upon pertain to a due process claim based upon continued detention. *See,e.g., Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979); *Armstrong v. Squadrito*, 152 F.3d 564, 575-76 (7th Cir. 1998). While petitioner refers to approximately 1452 days of delay, petitioner was deported and out of the country – not detained – for most of that period. And he clearly was not "detain[ed] . . . indefinitely without procedural protections," 152 F.3d at 575, following his rearrest. See #32, at 4. Aguilar was released when the justice court dismissed the complaint. #24-13, Ex. 34, at 14, line 22.

While petitioner seeks to present new claims in the stead of the meritless claims under Grounds 4 and 6 that were dismissed by the Court, the new claims that he seeks to assert for the first time on appeal also clearly lack merit.

elected, on the record, to go forward then with the trial rather than requesting either a continuance or a mistrial without double jeopardy consequences. Aguilar cannot make such a strategic choice amongst the available alternatives and then come back years later on post-conviction review and successfully urge that defense counsel instead should have pursued another alternative that he himself opted not to pursue at the time. If Aguilar wanted defense counsel to further pursue a motion for mistrial, the time for him to have her do so was at trial. He instead opted not to do so. #32, at 25-27.

Jurists of reason therefore would not find this Court's rejection of the claim debatable or wrong.[5]

### Ground 8: Effective Assistance – Grand Jury Notice

In Ground 8, petitioner alleged that he was denied effective assistance of trial counsel when counsel did not move to dismiss the indictment for failure to serve Aguilar with the notice of the grand jury proceedings required by N.R.S. 172.241, also known as a *Marcum* notice. He alleged that a due process objection based on the alleged state-law error was not raised.

Jurists of reason would not find debatable or wrong this Court's conclusion that the state supreme court's rejection of this claim was neither contrary to nor an unreasonable application of clearly established federal law.

The state court record clearly reflects that Aguilar was given a *Marcum* notice – written

---

[5]Petitioner again urges that the *Cronic* decision discussed in note 2, *supra*, requires the application of a plain error standard rather than the *Strickland* standard. As discussed previously, *Cronic* fully supports the application of the *Strickland* standard to specific claims of attorney error such as those presented in this case.

Petitioner further urges that he did not comprehend the enormity of his decision to proceed with the trial rather than seek a continuance for a week. Be that – *arguendo* – as it may, petitioner may not make a strategic decision to pursue one alternative and then later present a viable claim of ineffective assistance of counsel based upon an allegation that his counsel should have pursued an alternative other than the one that he chose.

Petitioner further seeks to present a new substantive claim that the trial court abused its discretion in declining to grant a motion for mistrial without double jeopardy consequences. Ground 7 presented a claim of ineffective assistance of counsel for failing to move to strike the testimony. Ground 7 did not present an independent substantive claim challenging the trial court's refusal to grant a mistrial with double jeopardy consequences. Petitioner once again is seeking to shift to a different claim on the federal appeal that was not presented in the federal district court in the first instance. He may not raise new claims for the first time in a COA application that were not raised in the pleadings in the federal district court. See note 2, *supra*.

in Spanish – at the conclusion of the preliminary hearing. The form notice advised Aguilar in Spanish, *inter alia*, of the number to contact if he wished to present testimony or evidence, and the notice stated in Spanish that it was the only notice that he would receive. Petitioner acknowledged in the federal petition that he received this form notice at the conclusion of the preliminary hearing, but he contended that the notice was not adequate under the Nevada statute and Nevada state case law applying the statute. The state supreme court's holdings that the notice met the requirements of state law and that a motion to dismiss therefore would have been unsuccessful are fatal to any claim of prejudice by petitioner. The absence of any state-law violation removed the predicate for any viable due process objection by counsel based upon alleged state-law error. Any further contention that the notice given otherwise violated due process separate and apart from state-law error was both unsupported and unpersuasive. #32, at 27-28.

Jurists of reason therefore would not find this Court's rejection of the claim debatable or wrong.

### *Ground 9: Effective Assistance – Suppression Hearing*

In Ground 9, petitioner alleged that he was denied effective assistance of trial counsel when counsel allegedly failed to protect his right against unreasonable search and seizure by failing to impeach the testimony of the State's witnesses at the suppression hearing and trial on a number of points.

This Court reviewed this claim *de novo*, and it examined each one of the points for impeachment or argument relied upon by petitioner. On each such point, there was not a reasonable probability that further pursuit of the point would have altered the outcome of the proceeding. See #32, at 28-32. Jurists of reason would not find the rejection of the claim of ineffective assistance of counsel in this regard debatable or wrong.[6]

A certificate of appealability accordingly will be granted as to Ground 1 but denied as to the remaining claims.

---

[6] Petitioner reliance upon *Cronic* is misplaced here as well. See note 2, *supra*.

1    IT THEREFORE IS ORDERED, pursuant to 28 U.S.C. § 2253(c) and Rule 22(b) of the Federal Rules of Appellate Procedure, that the applications (## 36 & 38) for a certificate of appealability are GRANTED IN PART and DENIED IN PART, such that a certificate of appealability is GRANTED as to the appeal of the denial of Ground 1 and is DENIED as to the appeal of the denial of all remaining grounds.

   IT FURTHER IS ORDERED that petitioner's motion(#39) for copy of the docket sheet is GRANTED, such that the Clerk shall provide petitioner a copy of the updated docket sheet along with the service copy of this order.

   The Clerk of Court shall forward a copy of this order to the Ninth Circuit in a supplemental transmittal and/or notice of electronic filing, as per current practice, and the Clerk otherwise shall comply with any remaining unfulfilled directives in the order (#40) of the Court of Appeals.

   DATED:    February 25, 2010

                                              _____
                                              ROBERT C. JONES
                                              United States District Judge